HEARD NOVEMBER TERM, 1875.

*Ex parte* WILLIAMS, *in re* CAMPBELL *vs.* COUNTY OF CHARLESTON.

A verdict obtained by a plaintiff in a regular course of proceeding cannot be vacated and set aside by the Circuit Judge upon an *ex parte* application and without notice to the plaintiff.

An order of the Circuit Court setting aside a verdict for the plaintiff without notice to him is appealable, and no motion need be made in the Circuit Court to set aside the order.

BEFORE REED, J., AT CHARLESTON, APRIL, 1875.

F. Campbell brought an action by summons and complaint against the County of Charleston to recover the sum of $7,594.96, alleged to be due by the defendant to the plaintiff, on certain claims which he held against the County. C. W. Buttz, Esq., Solicitor of the First Circuit, appeared for the defendant and filed an answer on its behalf. The case was placed on Docket No. 1, and during the present term of the Court it came on for trial. A verdict was rendered for the plaintiff and entered by the Clerk on the minutes.

A number of other cases, by other plaintiffs, against the same defendant, in which the proceedings were the same, except that in some the service of the summons and complaint was made upon the County Commissioners, were heard at the same time and verdicts found for the plaintiffs.

The verdicts were rendered on the 25th of February, and on the 9th of April G. W. Williams & Co., Alva Gage and six other persons and firms filed a petition to the Court, in which they stated:

"That they are citizens of the County of Charleston aforesaid, and are the owners and holders of property, both real and personal, therein.

"That the said property so owned and holden by them is liable to be taxed for the payment of all judgments and other just claims against the said County.

"That at the February Term, A. D. 1875, of the said Court, to wit, on or about the        day of February, in the said term, verdicts were rendered against the said County, in all about        , the sums recovered thereon amounting in the aggregate to the sum of        , a list of which verdicts is hereto appended.

"That your petitioners are informed and believe that the said verdicts were irregularly and improperly recovered against the said County, because:

"1. The complaints, in many of the cases in which verdicts were recovered as aforesaid, are wholly insufficient and irregular, inasmuch as they allege and aver that the said County is indebted to the plaintiff in a certain sum, without setting forth nature and consideration of said indebtedness, nor that the claims so sued on have been presented to and audited by the Board of County Commissioners in the manner provided by law.

"2. That the summons and complaint in said cases were none of them personally served upon the Board of County Commissioners, but in some few cases were served upon the Chairman of the Board alone, and in the great majority of said cases the Board of County Commissioners had no notice whatever that such claims were in action until after said verdicts were recovered, and could, therefore, take no steps to contest the same.

"3. That one C. W. Buttz, assuming to act as the attorney of the Board of County Commissioners, did, in the majority of said

cases, accept service thereof for the said Board, and did afterwards allow verdicts to be recovered therein, without contest, against the said County and without the knowledge and consent of the said Board of County Commissioners; but that the said C. W. Buttz was not the attorney of the said Board of County Commissioners, and assumed so to act without their authority or consent, and that all his actings in such capacity are null and void and of no force and effect to bind the said County.

"4. That in many of said cases no answers were filed by said C. W. Buttz; and in such cases as answers were put in by him denying the liability of the County and the right of the plaintiffs to recover therein, such answers were withdrawn by the said C. W. Buttz at the trial and verdicts were allowed to be taken therein against the County without the knowledge, assent or authority of the said Board of County Commissioners.

"5. That in many cases in which verdicts were recovered as aforesaid, no vouchers or other proof of said claims sued on were filed with the complaints or given in evidence.

"6. That many of such claims as were produced in evidence or filed with the complaints in said cases have never been audited, allowed or approved by the said Board of County Commissioners.

"7. That interest was claimed and recovered in said verdicts upon amounts which had never been examined, approved or allowed by the said Board of County Commissioners.

"8. That, as your petitioners are informed and believe, many of the claims upon which verdicts have been rendered, as aforesaid, against the County are fraudulent, illegal, null and void, and that the same can be shown and proven if only opportunity is afforded for their careful examination.

"And these petitioners further show unto your Honor that the said verdicts, as they are advised and believe, have been recovered through the 'mistake, inadvertence, surprise or excusable neglect' of the Board of County Commissioners in not properly defending the same, or through the improper and unwarrantable conduct of the said C. W. Buttz in assuming to act as the attorney of the said Board without authority as aforesaid, to the manifest injury and damage of your petitioners.

"And your petitioners further show unto your Honor that they are advised and believe that the said County cannot be bound by

the neglect and inadvertence of the said Board of County Commissioners, or by the unwarranted and unauthorized acts of the said C. W. Buttz as aforesaid, to the great injury of the citizens of said County.

"Wherefore your petitioners pray unto your Honor to set aside the verdicts so recorded, as aforesaid, against the County, and to grant new trials in the said cases, and to grant leave to the Board of County Commissioners to put in proper answers to the complaints in the said cases, and to defend the same."

The Board of County Commissioners adopted a resolution to concur in the foregoing petition and in the application to the Court to set aside the verdicts and grant new trials, and two of them—W. Bell Smith and Stephen Brown—made an affidavit, in which they declared, in effect, that Mr. Buttz had no authority to appear for or represent the County in the cases referred to in the petition, and that many of the claims sued on, wherein verdicts have been recovered, are fraudulent and void, and that they have a valid and sufficient defense thereto.

On the same day the petition was filed Mr. Buttz addressed a letter to His Honor the Circuit Judge as follows:

"In answer to the petition of G. W. Williams and others, and W. Bell Smith and Stephen Brown, two of the County Commissioners, so far as relates to the statement that I had no authority to represent the County of Charleston in the suits now pending in Court, I have the honor to state that I was not only employed by the old Board of County Commissioners, but the new Board had never disputed my right to act for the County, so far as I am concerned, until this day; that the statement signed by Williams, Brown and Smith is not only not true, but Smith and Brown well knew that, on the 1st day of February, 1875, they, each of them, swore to the answers that I had prepared to a majority of the cases then pending against the County; that answers were not withdrawn in more than two or three cases out of sixty, and in those cases the plaintiffs were represented by leading members of the bar, and no defense could be made; that after the cases were tried, about the 6th of last month, I presented my bill, itemized, giving the title of each case in these cases, which bill was approved and paid by the Board of County Commissioners—Messrs. Brown and Smith joining Mr. Cunningham in approving and paying the same. I have

no objection to the judgments being set aside, but object to their being set aside on the ground that I was not authorized to appear for the County Commissioners or for the County of Charleston in these cases. I regret very much that men of standing and character should sign such a paper."

On the 13th of April His Honor Judge Reed filed the following order:

On hearing and filing the petition of George W. Williams & Co., and others, citizens and taxpayers of Charleston County, together with the affidavit of the County Commissioners and the resolution of the Board of County Commissioners, and it appearing therefrom that the verdicts recovered against the County at this term of the Court were improvidently rendered, because of the mistake, inadvertence, surprise or excusable neglect of the County Commissioners, and that the said cases should be more thoroughly investigated, it is ordered that the verdicts recovered against the said County of Charleston, in the above mentioned cases, be set aside and vacated, and that the County Commissioners put in proper answers and defend the same. And it also appearing that the trial of these causes requires the examination of numerous and long accounts, it is further ordered by the Court, upon its own motion, that the said cases be referred to A. H. Brown, Esq., as Special Referee, to hear and decide all the issues of law and fact, with leave to report any special matter.

Three of the plaintiffs, to wit, Francis Campbell, J. J. Borger and M. N. Waring, appealed from the above order upon the following grounds:

1. Because the said order is in violation of the laws of the State of South Carolina, the parties whose rights are taken away by the same not having been made parties in the cause, the proceedings being entirely *ex parte,* and the order having been taken without notice, not even a rule to show cause having been served.

2. Because the said proceedings are irregular, the causes of these appellants having been brought to trial at the regular term of the Court, and, on the hearing, a verdict having been rendered upon each case by a jury in favor of the plaintiff, and no exception having been taken at the trial, and no objection made at the time of

the entry of the verdicts in the minutes of the Clerk by the defend-ant's attorneys, and no motion made for a new trial, it is beyond the power of the Circuit Judge to disturb the verdicts so rendered *unless* all the parties in interest are notified and allowed an oppor-tunity of protecting their rights made under the forms prescribed by law.

3. Because the said order is in violation of Section 11, Article I, of the Constitution of South Carolina, which declares "that the right of trial by jury shall remain inviolate."

4. Because the said order is in violation of the fifth and seventh amendments of the Constitution of the United States, which declare "that no person shall be deprived of life, liberty or property with-out due process of law. And that in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."

5. That the said order is wholly erroneous and contrary to law.

*Mordecai, Rutledge & Young,* for appellants.

*Miles,* contra.

March 9, 1876.   The opinion of the Court was delivered by

WRIGHT, A. J.   The verdicts obtained in these cases were by due process of law, as all the rules and formalities incident to obtaining proper and legal verdicts were complied with.

By these verdicts the appellants obtained rights which cannot be taken from them except they be made parties to the action which seeks to divest them of such acquired rights. The verdicts could only be disturbed by some direct proceedings to that end, on proper motion.

The appellants or their representatives should have had due notice of such motion and the grounds upon which it was to be based, and all the rules of procedure provided by law in reference to new trials should have been complied with.—*Ingram* vs. *Belk,* 2 Rich., 3.

It is clear from the record in these cases that there was neither "mistake, inadvertence or excusable neglect." All the parties to the action were properly represented; hence Section 197 of the Code has no application to them.

It is unmistakable that Mr. Buttz was the legally-constituted attorney of the County Commissioners, as appears from the correspondence between him and Judge Reed and other evidence set forth in the brief. He was employed by and labored for them, and received pay from them for services rendered.

The order of reference in these cases is erroneous, for, if carried into execution, it would deprive the parties of a trial by jury, which the appellants claim, and which they are entitled to by the Constitution of the State.

It is claimed that the appellants have no standing in this Court, for the reason that they did not move the Court below to set aside the order setting aside and vacating the verdicts in the several cases, and the case of *Earle* vs. *Stokes* (5 S. C., 336,) is cited as authority.

In that case the appellant, Stokes, was ordered by the Court to do a certain act, which act he refused to do, and treated the order made by the Court as a nullity.

For such disregard of the order he was attached for contempt, and from that (the second order) he appealed, and it was held by this Court that where an order is made by the Court of Common Pleas in term time, though irregularly made, it cannot be treated as a nullity.

When the Court of Common Pleas makes an order, as prescribed or mentioned by Section 11 of the Code, an appeal from such an order may be taken, and the party aggrieved by such order is bound to take notice of it, whether it be regularly made or otherwise, if the judgment of this Court upon it is desired.

Notice may be taken of such order by motion to set aside or by appeal directly from it.

It is stated by counsel for respondent that the action of the Court below in setting aside and vacating the verdicts rendered in these several cases was "based upon information derived from an investigation directed by the Court to be made by the committee of the grand jury and their assistant," and such "assistant" of the grand jury was appointed by the Court.

It is an unheard-of practice for a Court of justice to appoint an assistant to the grand inquest of a County. It is a practice without precedent, warrant of law or foundation in justice, and should not be sustained.

The motion is granted and judgment in these several cases should be entered.

*Moses,* C. J., concurred.

WILLARD, A. J. I concur in the judgment of the Court upon the ground that the order appealed from was erroneous for want of proper notice to the parties prejudiced by it and an opportunity to be heard in opposition to it.